**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES, | No. 11-50006 |
| Plaintiff - Appellee, | D.C. No. 3:10-CR-1926-W-1 |
| v. | MEMORANDUM[*] |
| VANITA LYNN RODRIGUEZ, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Thomas J. Whelan, District Judge, Presiding

Argued and Submitted November 10, 2011
Pasadena, California

Before: SCHROEDER and REINHARDT, Circuit Judges, and HUDSON, District
Judge.[**]

Convicted of four counts of transporting, and aiding and abetting the

transportation of, undocumented aliens within the United States, Defendant-

Appellant, Vanita Lynn Rodriguez, appeals the denial of her motion to suppress.

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by 9th Cir. R. 36-3.

[**] The Honorable Henry E. Hudson, United States District Judge for the Eastern
District of Virginia, sitting by designation.

Her appeal raises the single issue of whether the district court erred in finding that the U.S. Border Patrol agent had reasonable suspicion under the Fourth Amendment to stop the vehicle she was operating. Since we conclude that the stop was supported by reasonable suspicion, we need not decide in the first instance whether her encounter with the Border Patrol agent constituted a seizure implicating the Fourth Amendment.

The undisputed facts in this case revealed that a gray Toyota Corolla operated by Appellant was observed by a U.S. Border Patrol agent pulling into the alley behind a suspected alien stash house. The stash house was located in close proximity to the Mexican border. When the Toyota stopped in the alley, it appeared to be occupied by two individuals. When the Toyota departed approximately four minutes later, a second Border Patrol agent conducting surveillance nearby noticed five people in the Toyota.

Agents maintained close surveillance as the vehicle proceeded to another house and stopped alongside the street. There, Border Patrol agents witnessed Appellant, Rodriguez, conversing with the driver, who had exited and was standing beside the vehicle. No other person, however, was observed by Border Patrol agents entering or exiting the vehicle. Based on their observations as experienced immigration investigators, the agents notified agents operating a Boarder Patrol

checkpoint on Highway 111 to be on the lookout for a 2009 gray Toyota Corolla bearing California license plate 6HGV511.

Approximately an hour later, a Border Patrol agent stationed at the checkpoint on Highway 111 observed a Toyota Corolla, gray in color, approaching the checkpoint. Although the vehicle matched the general description of the lookout, the agent was not able to confirm the license plate number from his position of observation. The Toyota turned off on a road approximately 150 yards south of the checkpoint. The Border Patrol agent who observed the vehicle stated in his declaration that, in his experience, that particular roadway was commonly used by alien smugglers to bypass the checkpoint.

Upon observing the vehicle, the agent got into a marked Border Patrol vehicle and pursued the gray Toyota. According to the agent, the Toyota increased its speed and turned into a trailer park. Because of the cloud of dust emitted from the roadway, the agent was still unable to obtain an unobstructed view of the license plate. The Toyota eventually stopped in front of a mobile home and the front passenger exited. After pulling up behind the Toyota, the agent activated his overhead lights, stepped out, and approached the Toyota. Having confirmed that the rear passengers were Mexican citizens without the necessary documentation to be in the United States, the agent placed Appellant under arrest.

3

After considering all of the factors articulated in United States v. Garcia-Barron, 116 F.3d 1305, 1307 (9th Cir. 1997), we conclude that the district court properly determined that the Border Patrol agent's encounter with Appellant was based on a particularized and objective suspicion that Appellant was engaged in criminal activity.

**AFFIRMED.**